## JOHN CRAFT *v.* MOSES C. LOTT.

1. **STATUTE OF FRAUDS.** *Code* 1892, § 4225 (*a*). *Debt, default, or miscarriage of another.*

   Under Code 1892, § 4225 (*a*), providing that an action shall not be brought whereby to charge a defendant upon any special promise to answer for the debt, default, or miscarriage of another person unless the promise shall be in writing, the oral promise of a son to reimburse a surety on his father's official bond for loss sustained because of the suretyship is within the statute.

2. **SAME.** *Foreign law. Pleading.*

   Where in such case the plaintiff was met by the statute of frauds, he could not invoke the law of another state, where the bond was made, in the absence of all showing that the parol contract sued on was made in such other state.

3. **SAME.** *Memorandum in writing. Definiteness.*

   In such case a letter, duly signed, from the son to the surety, saying, "It was through me that you signed the bond, and I feel in honor bound to stand between you and all harm, and whatever damages may be assessed against you I will work to pay," is too vague and indefinite to constitute a memorandum taking the case out of the statute.

FROM the circuit court of Harrison county.

HON. WILLIAM T. McDONALD, Judge.

Craft, the appellant, was the plaintiff in the court below; Lott, the appellee, was defendant there. From a judgment in defendant's favor the plaintiff appealed to the supreme court.

Lott, the appellee, was the son of a defaulting tax collector of Mobile county, Alabama. Craft, the appellant, at the instigation of the son, had become surety on the bond of the tax collector, and by reason of the defalcation had become liable to Mobile county for the sum of $1,250, which amount was adjudged to be due. Craft sued Lott, charging that the defendant had promised and undertaken to reimburse him for any loss which plaintiff had sustained by reason of the default of defendant's father, and exhibited the following letter, averred to have been written in aid of a verbal promise to pay the indebtedness:

"GULFPORT, MISS., November 17, 1897.
"*Mr. John Craft, Mobile, Ala.:*

"FRIEND JOHN—As it was through me that you signed the old gentleman's bond, I feel honor bound to stand between you and all harm, and whatever damages are assessed against you I will work to pay same. I have been quarantined here since September 2, but will be in Mobile in a few days.

"Your friend,
"[Signed]  M. C. LOTT."

The court below sustained a demurrer to the declaration and dismissed the suit.

*Barber & Mize,* for appellant.

There is a hopeless conflict of authorities in the states of the union as to whether or not the promise to indemnify one who becomes surety on the bond of another must be in writing. A very respectable line of authorities hold that this promise does not have to be in writing, but the case of *May* v. *Williams,* 61 Miss., 125, settled the doctrine in this state by holding that a promise to indemnify one who becomes a surety on a third person's bond must be in writing. But the case at bar is easily

differentiated from that of *May* v. *Williams*. In that case the promise was a parol one, made at the time the plaintiff became surety on the bond. If the parties in the case at bar had no further agreement than the parol promise of M. C. Lott to indemnify plaintiff if he would become surety on the bond of E. B. Lott, which promise was made by M. C. Lott to plaintiff just prior to his becoming a surety on the bond of E. B. Lott, and as an inducement thereto, then the case would come within the statute of frauds; but we desire to call the court's attention to the subsequent act of M. C. Lott, defendant in the court below, when, on November 17, 1897, after the defalcation had occurred, he wrote to plaintiff, acknowledging and promising to pay his indebtedness to plaintiff by virtue of the fact that it was through him—M. C. Lott—that plaintiff had become a surety on the bond of M. C. Lott's father, E. B. Lott.

At the time of this written promise, November 17, 1897, there was a debt due by plaintiff to the state of Alabama, for the use of Mobile county, and the defendant, M. C. Lott, being doubtless moved by the love and affection he bore his father, E. B. Lott, and desiring to carry out the previous agreement and promise he had made to plaintiff to indemnify him for any loss which might accrue from becoming a surety on the bond of E. B. Lott, agreed, in writing, as aforesaid, to pay this debt which plaintiff then owed to the state of Alabama, for the use of Mobile county, by virtue of his being a surety on the bond of E. B. Lott; and the promise of M. C. Lott, made on November 17, 1897, to pay the debt of plaintiff to the state of Alabama, for the use of Mobile county, did not have to be in writing. It is on this agreement of November 17, 1897, that plaintiff brings his action against M. C. Lott, and, at the time the said last-named agreement was made, plaintiff owed a third party, the state of Alabama, for the use of Mobile county.

A promise made to a debtor to pay a debt which he owes to a

third party is not a promise to answer for the debt of another, and is, therefore, not within the statute of frauds. *Ware* v. *Allen,* 64 Miss., 545 (s.c., 1 South. Rep., 738).

The letter is sufficient to satisfy the statute of frauds, even though the court decides that it is a promise to answer for the debt, default, or miscarriage of another person. It contains the elements essential to satisfy the statute of frauds. The writing acknowledges the consideration and promises to pay whatever damages are assessed against plaintiff.

"Where rights are grounded in equity and good conscience, courts will not hunt for technicalities to defeat them, but will give a liberal interpretation to the writing in order to satisfy the statute of frauds." *Stevens* v. *City of Muskegon,* 36 L. R. A., 777.

*Bowers, Neville & Griffith,* for appellee.

Whatever conflict of authority there may be elsewhere as to the effect of a parol promise to indemnify one who becomes surety upon the bond of another, either for the payment of money or in a criminal proceeding, there can be no question that such promise is, in the state of Mississippi, within the statute of frauds, and void. *May* v. *Williams,* 61 Miss., 125; *Bloom* v. *McGrath,* 53 Miss., 249; *Wallace* v. *Wortham,* 25 Miss., 119; *Sweatman* v. *Parker,* 49 Miss., 19.

The case of *Hartford* v. *Sandford,* 55 L. R. A., 206, is one very similar to the one at bar on the facts, and it cites *May* v. *Williams,* 61 Miss., 125, with marked approval.

"The rule is well settled that a memorandum in writing to take a case like this out of the statute of frauds must contain the substantial terms of the contract, expressed with such certainty that they may be understood from the contract itself, or some other writing to which it refers, without resorting to parol evidence." *Waul* v. *Kirkman,* 27 Miss., 823; *Garnett* v. *Kirkman,* 33 Miss., 389; *Boyd* v. *Drummond,* 11 East, 142; *Blackden* v.

*Bradbear,* 12 Vesey, 466; *McGuire* v. *Stevens,* 42 Miss., 725; *Holmes* v. *Evans,* 48 Miss., 247.

"A written memorandum of a promise to pay the debt of another must show the whole terms of the contract, and parol evidence is inadmissible to aid them." *Hall* v. *Soule,* 11 Mich., 494; *Frank* v. *Eltringham,* 65 Miss., 281 (s.c., 3 South. Rep., 655).

Argued orally by *E. M. Barber,* for appellant.

TRULY, J., delivered the opinion of the court.

The oral promise made to the appellant was clearly within the statute of frauds, and void. It was at most but a promise to reimburse the surety upon an official bond for any damages which he might incur in the future by reason of his suretyship. That such obligation is within the statute of frauds is well settled in this state, whatever the rule may be elsewhere. *May* v. *Williams,* 61 Miss., 125 (48 Am. St. Rep., 80); *Bloom* v. *McGrath,* 53 Miss., 249.

The contention of appellant that the rule is different in the state of Alabama, where the official bond was executed, even if sound under the adjudications of that state, cannot avail him in the instant case. His declaration does not aver that the oral promise by which he contends he was originally induced to become a surety was made in the state of Alabama; in fact, every inference reasonably deducible from the averments of the declaration negatives the suggestion.

The letter by which it is endeavored to aid the parol agreement is too vague and indefinite in its expressions to serve as the basis of a contract to indemnify. Regardless of all other considerations, this is fatal to the cause of appellant. *McGuire* v. *Stevens,* 42 Miss., 725 (2 Am. St. Rep., 649); *Fisher* v. *Kuhn,* 54 Miss., 480; *Holmes* v. *Evans,* 48 Miss., 247 (12 Am. St. Rep., 372).

This being true, it is unnecessary to consider whether the letter is of itself a positive undertaking on the part of the appellee or a

mere subsidiary promise to answer for the default or miscarriage of another.    Under the state of facts set out in the declaration, there may be a moral obligation resting on appellee to reimburse the appellant.    But the promise relied on is not such a one as can be enforced by a court of law.

*Affirmed.*