GULF & S. I. R. Co. *v.* MAGEE WAREHOUSE Co.

[67 South. 648.]

1. WORK AND LABOR. *Performance    of service.    Implied contract. Question for jury.*
Where service was rendered and accepted by defendant under such circumstances, that no reasonable person could assume that the benefits conferred, were intended as a gratuity, the law implies a promise to pay reasonable compensation therefor.

2. WORK AND LABOR. *Performance of services.    Implied contract.*
The intention of the parties to an alleged implied contract is the essence of the transaction. If the parties did not intend that the party receiving the benefits would pay for it, there could be no implied contract to pay.

3. WORK AND LABOR. *Performance of service.    Implied contract.*
Where a warehouse, while being conducted by a partnership, loaded cotton gratuitously for a railroad company and afterwards while being run by a corporation organized for that

purpose, made no change in the course of business between the parties and this continued for at least two years before any compensation was demanded, these facts are circumstances to be considered by the jury in determining the existence of an implied contract to pay for such service.

4. WORK AND LABOR. *Implied contract. Question for jury.*
Where there was a conflict in the evidence as to whether the services were rendered with any expectation on the part of plaintiff that it would be paid for and it is also debatable as to whether the defendant understood that plaintiff was rendering service with the intention of charging therefor, the court should leave the jury free to pass on the conflicting evidence, and where this is not done the court on appeal will reverse and remand the case.

APPEAL from the circuit court of Simpson county.
HON. W. H. HUGHES, Judge.

Suit by the Magee Warehouse Company against the Gulf & Ship Island Railroad Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Wells, May & Sanders,* for appellant.

*Russel & Russel,* for appellee.

COOK, J., delivered the opinion of the court.

This suit was instituted by the Magee Warehouse Company against the Gulf & Ship Island Railroad Company upon an alleged implied contract for valuable services rendered to and accepted by the railroad company. The declaration demands judgment for loading fourteen thousand three hundred and sixty two bales of cotton on the cars of defendant at the rate of two cents per bale, which sum it is alleged was the customary charge for like service. It is further averred that the cotton was loaded upon orders from the station agent of defendant; that the railroad company had no sufficient platform, or other place at the station for the reception

of cotton, and from whence it could be loaded on the cars; that the railroad company, by its course of business, extending over a number of years, had selected plaintiff's warehouse as the place at which cotton must be placed for transportation. The evidence for plaintiff supported the averments of the declaration.

If the jury believed the witnesses for plaintiff, a verdict for plaintiff would not be disturbed, because the service was rendered and accepted by defendant under such circumstances that no reasonable person could assume that the benefits conferred were intended as a gratuity. Under the circumstances shown by plaintiff's evidence, the law will imply a promise to pay a fair and reasonable compensation for such services. Elliott on Contracts, section 1355 *et seq.*

On the other hand, defendant produced evidence which tended to show that the railroad company had built a spur track to the warehouse of plaintiff solely for the convenience and profit of plaintiff; that the loading of the cotton was a service rendered in return for the valuable privilege conferred. There was testimony which justified the railroad in believing that the warehouse company did not expect any compensation for the work.

The station agent testified that, when she took charge of the station several years prior to the years for which plaintiff claims compensation, the then manager of the warehouse told her that the warehouse would load cotton on the cars without a cost to the railroad company. It is argued that the manager was not such an agent as was authorized to make a contract of that character. Assuming, but not deciding, that this contention is sound, the intention of the parties to an alleged implied contract is the essence of the transaction. If the parties did not intend that the party receiving the benefits would pay for it, there could be no implied contract to pay.

Again, it is said that the warehouse was being conducted by a partnership at the time the statement was made by the then manager, but it has been since run by a corporation organized for that purpose. It appears, however, that there has been no change in the course of business between the parties, and it also appears that the corporation rendered the service for at least two years before demanding compensation.

All of these and other circumstances were for the jury to solve. There was a clear conflict in the evidence as to whether the services were rendered with any expectation on the part of plaintiff that it would be paid for its labor; it is also debatable as to whether the railroad company understood that plaintiff was rendering any service with the intention of charging therefor.

We do not go into details for the obvious reason that this case is to be retried.

The court should have left the jury free to pass on the conflicting evidence, and, because the court took away from the jury this right, the case will be reversed and remanded.

*Reversed and remanded.*