CORINTH, SHILOH & SAVANNAH TURNPIKE CO. v. GOOCH

[73 South. 869, Division A.]

1. BILLS AND NOTES. *Bill of exchange.* *Statute.*
    Under the definition of Code 1906, section 4002, a written order drawn by a party in favor of a creditor for the payment of money due such party from an other, is a "bill of exchange."

2. BILLS AND NOTES. *Acceptance in writing. Statute.*
   Where a bill of exchange was not accepted in writing as required by section 4012, Code 1906, the owner could not recover thereon.

3. BILLS AND NOTES. *Right of action.*
   Where plaintiff after refusal by a company to pay an order in his favor, procured a check from his debtor upon a bank of which the company's secretary and treasurer was cashier, upon non-payment thereof, the company was not liable, not being the drawee of the check nor having agreed in writing to pay it.

4. FRAUDS. *Statutes of frauds. Promise to pay debt of another. Written promise.*
   Under the statute of frauds, Code 1906, section 4775, a letter from a company's treasurer to plaintiff, not specifically mentioning the debt to plaintiff nor giving date or amount, but merely expressing an expectation to pay all claims, was not a sufficient promise in writing to pay the debt.

5. NOVATION. *Evidence.*
   Where a turnpike company owed a construction company and the latter gave plaintiff an order on the former, which was orally accepted, but later repudiated, in such case there was no novation and the construction company was not released from its original liability.

6. BILLS AND NOTES. *Acceptance in writing. Statute.*
   The mere fact that a turnpike company owed a construction company, when the latter gave plaintiff an order on the former, did not change the requirement that the acceptance of a bill of exchange must be in writing as provided in Code 1906, section 4012.

APPEAL from the circuit court of Alcorn county.

HON. CLAUDE CLAYTON, Judge.

Suit by W. T. Gooch against the Corinth, Shiloh & Savannah Turnpike Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*W. D. Conn,* for appellant.

This is a suit by appellee against appellant on its alleged acceptance of an order drawn upon it by Newell in favor of appellee for two hundred dollars and thirteen cents. It is not pretended by appellee that the acceptance was in writing, but that it was accepted orally by M. T. Bynum, treasurer of the Turnpike Co.

Section 4002 of the Code of 1906 is as follows: Bills of exchange defined. When any person or body politic shall, by order in writing, signed by such person or by a proper agent, direct the payment of a sum of money by any other person, the sum therein specified shall be due, by virtue thereof, to the person in whose favor the order is drawn, and may be put in suit against the drawer thereof, or against the drawee, if accepted, and the amount recovered with interest and cost.

Section 4012 of the Code of 1906 is as follows, as far as it is pertinent to this litigation: Acceptance of bill must be in writing. The acceptance of a bill of exchange must be in writing, duly signed, in order to charge the acceptor.

These two citations from the Code must determine this appeal in appellant's favor; for, in this "order," we have a "person," Newell, by order in writing, signed by him, directing the payment of a sum of money by "another person," the Turnpike Co., and the "person," W. T. Gooch, in whose favor the order is drawn, thus bringing the order in this lawsuit squarely within the legal definition of a bill exchange. But section 4012 requires that the "acceptance" of a bill of exchange, to bind the acceptor, must be in writing, and the acceptance of this order, if any there was, was oral and not in writing signed by anyone. Hence we say the trial court committed reversible error when the peremptory charge requested by appellant was refused.

Although appellant might rest its cause here, there is still another reason why the peremptory charge should have been given appellant, and that reason is found in the revocation of the order by Newell and the substitution therefor of the check referred to in the "Statement of Facts." This check was procured by appellee from Newell, and in the face of this check were written these words: "This check is in lieu of order given by us and in full settlement of the debt due you," and appellee, at the time of accepting this check and at the

request of Newell, returned the order to him, and the
court will readily see the reason for Newell's request as
it is perfectly obvious. In this state of the case, even if
there had ever been a binding acceptance of this order
by appellant, the duty and obligation to pay it and the
right to charge it to Newell's account when paid, were
both taken away by the clearly intended revocation of
the order by Newell. Manifestly a condition might have
arisen where the question of notice to appellant of this
revocation might have been very material; but that is
not the case before this court; for appellant has never
paid the order, and, besides, it had notice of the revo-
cation and the giving and acceptance of the check in
"lieu" of the order at the time the change was made,
through its treasurer, M. T. Bynum.

But it may be contended that the check's not having
been paid prevents it from cancelling the acceptance.
The court is perfectly familiar with this rule of law, and
if appellee had received appellant's check in settlement
of the alleged acceptance and same had not been paid,
it would not have been acquittance of the acceptance.
But that is not the case at bar. If there had ever been
a binding acceptance of this order, there would have
been effected a novation, by the operation of which appel-
lant would have become the debtor of appellee, and Newell
would have been discharged. But when appellee accepted
this check and surrendered the order back to Newell
with the knowledge and at least implied consent of appel-
lant, there was another novation effected which restored
the original *status quo*, Newell again becoming the debtor
of appellee, in the event his check was not paid, and
appellant being discharged. In the first novation, Newell
again becoming the debtor of appellee, in the event his
check was not paid, and appellant being discharged. In
the first novation, Newell got out by consenting that the
Turnpike Co. could charge his account with the two
hundred dollars due Gooch, in consideration of its agree-
ing to pay him said amount. And in the second novation,

appellant surrendered its right to charge Newell this amount, and at the same time and in consideration thereof, it was relieved from its obligation to pay said order. There were, in each novation, the consideration necessary to support it, and the consent of all parties, as required by law, to make it effective and binding on all parties. If appellee had intended to effect a novation legally binding on all parties, we know of nothing he could have done further to make his intent more manifest.

But if the first novation referred to above was not in fact effected, and if Newell was still bound to appellee, then appellant would have been, not the debtor of appellee, but the guarantor of the debt owed by Newell to appellee. In this event the statute of frauds would have required undertaking of appellant to have been in writing, and there was no writing.

Then if the second novation was not in fact effected, the check from Newell to appellee must have been either to pay his own debt, and not appellant's, or to change the form of the evidence of the indebtedness he owed to appellee. In any event, under the hypothesis, the transaction between appellee and Newell in connection with this check, would have been between creditor and principal debtor, nothing being done to affect in any way whatever the obligation of appellant as a guarantor. But appellant cannot be held in any event as a guarantor, for its undertaking was not in writing.

*W. C. Sweat,* for appellee.

In the case of *Bloom* v. *McGrath & Compton,* 53 Miss. 257, the court uses the following language: "The only test and criterion by which to determine whether the promise needs to be in writing is the question whether it is or is not a promise to answer for a default or miscarriage of another, for which that other continues liable.

The original debt involved in that case was one which had been contracted before the assumption upon which it was sought to render the defendant liable, and the test

of his liability was made to depend upon the question
whether the original debtor was released by the defend-
ant's assumption. The test is no less satisfactory where,
as in the case at bar, the assumption of the party sought
to be charged was simultaneous with the creation of the
debt. In such a case the test must be whether the party
who received the consideration was or was not bound.
If he was, there can be no valid obligation by parol upon
any one else to pay the debt. The intent of the statute
of frauds is, that no obligation shall be created by parol
which shall be binding both upon him who receives the
consideration and upon the person who undertakes to
pay the debt if one is bound, the other is not.''

The Turnpike Company in this case was not agreeing
to pay the debt of another, but agreeing to pay its own
debt to the construction company to the appellee instead;
and when this agreement was made, the construction
company was released and was no longer bound. The
appellant contends that, even though it was bound by
its promise to pay this debt, when the appellee went to
the construction company and received from the con-
struction company a check for the amount and delivered
to the construction company the original order given
him, that the appellee thereby accepted the check in lieu
of the order, but a casual reading of the record will show
the fallacy of this contention.

Appellant contends that this order of the construction
company to appellant to pay Gooch two hundred dollars
and thirteen cents was a bill of exchange under section
4002 of the Code of 1906, and must have been accepted
in writing, as provided by section 4012 of the Code of
1906, before an action could be brought thereon. This
contention certainly is not correct for the reason herein-
above set out. If the appellant had not been indebted to
the construction company, then this order by the con-
struction company; drawn on the appellant and delivered
to the appellee, would have come under the provisions
of these statutes; and before an action could have been

brought against the appellant for the amount, it must
have been accepted by the appellant in writing. But
when the appellant was directed by the construction
company in an instrument of writing to pay a debt
which it already owed to the construction company to
another party, it did not thereby fall within the pro-
visions of these statutes. Had the construction com-
pany verbally directed the appellant to pay this amount
of money to appellee, and the appellant had verbally
agreed to pay the same to the appellee, and there had
been no writing anywhere in regard to it, the appellant
would have been bound to the appellee for the amount.
*Oliver* v. *Lewis,* 45 Miss. 203; *Bloom* v. *McGrath &
Compton,* 53 Miss. 257; *Sweatman* v. *Parker,* 49 Miss.
19.

If the appellant would have been bound to appellee on
its agreement to pay this amount without any writing
whatever, it certainly could have been no less bound
simply because the construction company had directed
the appellant in writing to pay appellee which the appel-
lant verbally agreed to do. Furthermore, if the court
should hold that these two sections apply to a case of
this character, and that it was necessary that the order
be accepted in writing, or that the appellant should have
agreed in writing to pay the check thereafter received
by it, then the letter in the record, hereinabove referred
to, is a sufficient acceptance and a sufficient agreement
in writing to pay this debt, and the case should be affi-
rmed. The question as to whether these agreements
were conditioned upon the appellant's owing the con-
struction company anything at the time of the settle-
ment is a disputed question, and practically the only dis-
puted question in the lawsuit. This question was sub-
mitted to the jury, under proper instructions from the
court, and was decided in favor of the appellee, and we
submit that the case ought to be affirmed.

SYKES, J., delivered the opinion of the court.

This suit originated in the circuit court of Alcorn county, and is based upon the following facts:

The Corinth, Shiloh & Savannah Turnpike Company, the appellant, a Tennessee corporation having its office and place of business in Corinth, Miss., had built a turnpike road from the Tennessee line to Shiloh, on the Tennessee river. This road was constructed for the turnpike company by A. T. Newell Construction Company. The appellee, W. T. Gooch, is a merchant living in Tennessee. The Newell Construction Company owed appellee the sum of two hundred dollars and thirteen cents. This construction company advised appellee that appellant turnpike company owed it an amount exceeding this debt, and offered to give appellee a written order on the turnpike company for this amount. Before agreeing to this, appellee rang up W. T. Bynum, who resided in Corinth, Miss., and asked Bynum whether or not the turnpike company would pay this written order. Bynum was the secretary and treasurer of appellant company, and was also cashier of the First National Bank of Corinth. According to the testimony of the appellee, Bynum advised appellee that the appellant company owed the Newell Construction Company about one thousand dollars, and that, as secretary and treasurer of the appellant company, he would pay this written order. The order was then given and was sent by appellee to Morrison-Rinehart Grocery Company, of Corinth, for collection. Bynum declined to pay it at that time, but requested Morrison, who presented the order, to return it to appellee and request appellee to get a check from Newell Construction Company instead; Bynum stating at that time that he would prefer to have a check. Appellee, also, after receiving the written order from Morrison, rang up Bynum, who told him, in substance, what he had told Morrison. Appellee then returned the written order to the construction company and requested them to send him a

check in place thereof. The construction company then sent appellee a check for this amount, drawn upon the First National Bank of Corinth, and appellee sent it to Bynum. Bynum, as treasurer of the appellant company, was repeatedly asked to pay this debt to appellee, but finally declined to do so. The check was dated ''5/27/ 1913.'' While this check was in the possession of Bynum, and while the appellee was trying to collect the same, the following letter was written by Bynum, as treasurer of the appellant company, to the appellee:

''Corinth, Miss., August 23, 1913.

''Mr. W. T. Gooch, Michie, Tennessee—Dear Mr. Gooch: I have your letter in regard to Newell Bros. and beg to say that we have been doing all we could to get the matter settled up, but so far, we have been unable to collect what has been subscribed by several thousand dollars, and as you know the work cost several thousand more than we figured on it makes it doubly hard for the Turnpike Co. to take care of any additional expense. We will be glad to take up all outstanding matters as soon as possible, and trust we can sell the bonds so as to do so— Can't you take a block of the bonds—the best security at all, and will increase in value all the while.

''Cordially,

''M. T. Bynum, Treas. C—S—T—Co.''

The above statement of facts presents the theory of the appellee as shown by his testimony. It is unnecessary to state the conflicting testimony introduced by the appellant. At the conclusion of the testimony introduced by the appellee (plaintiff in the court below), the appellant (defendant) made a motion to exclude the same, which motion was overruled by the court. At the conclusion of all the testimony, the defendant asked for a peremptory instruction, which was refused. The jury returned a verdict in favor of the plaintiff for the amount sued for, upon which judgment was duly entered, and from which judgment this appeal is prosecuted.

The written order given appellee by the Newell Con- struction Company was a "bill of exchange," under section 4002, Code of 1906, which is as follows:

"Bills of Exchange Defined.—When any person or body politic shall, by order in writing, signed by such person or by a proper agent, direct the payment of a sum of money by any other person, the sum therein specified shall be due, by virtue thereof, to the person in whose favor the order is drawn, and may be put in suit against the drawer thereof, or against the drawee, if accepted, and the amount recovered, with interest and cost."

Section 4012, Code of 1906, provides that the acceptance of a bill of exchange, in order to charge the acceptor, must be in writing. It read as follows:

"Acceptance of Bill Must be in Writing.—The acceptance of a bill of exchange must be in writng, duly signed, in order to charge the acceptor; and the holder may require the acceptance to be written on the bill, and a refusal so to do may be treated as a refusal to accept; but an unconditional promise, in writing, duly subscribed by the promiser or his agent, to accept a bill before it is drawn, shall amount to an acceptance of it."

Therefore, if we treat this suit as one based upon this written order or bill of exchange, then the appellee cannot rcover, because the acceptance was not in writing. If we treat it as a suit based upon the check above set out, then the appellant company was not the drawee of that check, neither did it agree in writing to pay it. Consequently, this suit cannot be maintaned as one based upon the check.

It is contended, however, by the appellee, that the letter of Bynum to appellee was a written acknowledgment to pay this debt, and will take it out of the statute of frauds (sec. 4775, Code of 1906). This letter in no way comes up to the requirements necessary in a case of that kind. It does not specifically mention this debt nor its date nor the amount thereof, nor is it an unconditional

promise to pay. *Craft* v. *Lott,* 87 Miss. 590, 40 So. 426, 6 Ann. Cas. 670.

There was never any novation in this case. The construction company was at no time released from its original liability to appellee. The mere fact that the turnpike company owed the construction company would not change the rule relating to the written acceptance of a bill of exchange. The contention that, if the drawee of a bill of exchange be the debtor of the drawer, then an oral acceptance would be binding, would abrogate and nullify section 4012 above quoted. Such is not the law.

The lower court erred in refusing the peremptory instruction requested by the appellant.

*Reversed, and judgment here for appellant.*