## Miller *v.* Fisher.

### [77 South. 151, Division A.]

1. CONTRACT. *Agreement. Implied agreements. Repairs.*

   Before the owner of personal property can be held liable in debt for repairs done upon it, there must be some contract existing between the owner and the person making the repairs which contract may arise by agreement eithai express or implied, or by some act or agency of the parties creating an obligation between the parties concerning the matter involved.

2. SAME.

   Where the owner of a motorboat, having allowed a third person to take possession of the boat and use it, the third person who was to keep the boat in repair, contracted in his own behalf with plaintiff for making repairs on the boat and the third person made part payment on the repairs and the owner who agreed to advance a sum of money for his benefit, sent plaintiff a check for a further amount. In such case, notwithstanding plaintiff's understanding that the boat was liable for the repairs, he could not, the owner having in no way contracted for the repairs, or agreed to become liable therefor, hold the owner for such repairs.

APPEAL from the circuit court of Jackson county.

HON. J. H. NEVILLE, Judge.

Suit by Chas A. Fisher against T. J. Miller. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Wm. D. Bullard,* for appellant.

In view of the testimony there can be no question of agency in this case, unless it can be shown that appellant made herself liable by some subsequent act, or in some way became responsible to appellee after the repairs were completed. There is nothing in the entire record to suggest agency or any manner of liability on the part of appellant, unless it is claimed that the letter dated Sept. 7, 1915, from Miller to Fisher and the check for one hundred and twenty-five dollars inclosed therewith operated in some way to make appellant liable for the alleged balance due from Dan Sherman to appellee. On page 5 of the record is a copy of this letter, as follows:

"Enclosed please find check for one hundred and twenty-five dollars for payment of work done on engine, hoping that same will reach you promptly, I beg to remain, Yours truly, T. K. Miller."

This check was not sent as a part payment of a debt that Miller owed or had assumed, it was sent at Dan Sherman's request and was the remainder of the one hundred and fifty dollars which appellant agreed to advance Sherman for the repairs on the boat.

The court erred in refusing defendant's request for a peremptory instruction to find for defendant. The court also erred in inserting in the third line of defendant's second instruction after the word, "defendant," the words, "or an agent of defendant."

The fourth instruction given plaintiff is erroneous in that it submits to the jury the question of Sherman's agency when there was no evidence to warrant such an assumption of agency.

The fifth instruction given plaintiff is clearly erroneous. Not only is it wrong as matter of law but the language is misleading, to wit: "And the defendant, T. J. Miller, after the work was completed did pay the sum of one hundred and twenty-five dollars direct to Chas. A. Fisher, then and thereby the defendant ratified the acts of Mr. Sherman in making said agreement with plaintiff

thereby becoming liable for the full amount of the debt.''

''And the language is not cured by the closing sentence of the instruction. The case of *Meyer, Weis & Co.* v. *Geo. C. Baldwin,* 52 Miss. 263, is applicable here; also the authorities cited in brief of learned counsel for plaintiff in error. Under the facts in this case even if Miller had made the one hundred and twenty-five dollars payment voluntarially and not at Sherman's request, he would not have been liable for any remainder due Fisher because he was under no obligation to pay any part of the debt. *Brown* v. *Rouse,* 104 Cal. 672, 38 Pac. 507. Sherman was not acting for Miller and therefore the one hundred and twenty-five dollar payment could not operate as a ratification. 31 Cyc, page 1251, paragraph C and citations thereunder.

The sixth, instruction is also erroneuos, because it leaves out the question of whether Miller, even if he made the payment ''of his own account direct to the plaintiff,'' thereby intended to ratify Sherman's contract and himself become liable therefor. The intent to ratify must either be express or implied, and Miller's letter showed that he intended the one hundred and twenty-five dollars to pay in full Sherman's debt. 31 Cyc., p., 1260, par. H.

It is difficult to cite authorities under the facts in this case, and it is remarkable that the learned court below should have gone off on the theory that the question of agency, or the ratification of the unauthorized acts of a third person could be involved in it.

*Denny & Heidelberg,* for appellee.

As to the question of agency upon which counsel for appellant seem to build his hope for a reversal of this case it seems to us that there can be nothing but an affirmance of this case upon the record as stated above. Miller has a boat; he turns it over to Sherman to use; Sherman after using it for some time and ascertaining

that it needs repairs goes to the appellee and enters into a contract with him for repairing the boat; there is disagreement between them as to the terms of this contract as to the amount of the price to be paid for said repairs, but we would call the court's attention to the fact that there is no disagreement, between them as to the terms and condition of any contract until it gets above the sum of one hundred and fifty dollars but we would call Counsel for appellant's attention to the fact that he has misunderstood the facts in this case if he thinks that *Myer* v. *Baldwin,* 52 Miss. 263, is an authority in this case. Why was appellant, in the letter that he wrote appellee when he sends him a check for one hundred and twenty-five dollars, saying that he hoped this check would reach appellee promptly, and that it was for "work done on engine," if to this it be added that on page 12 of the record near the center, appellee states that he did not extend any credit to Dan Sherman, and that Dan Sherman told him that it was not his boat but appellant's. Sherman asked for a ten days' trial of the boat after the work was completed; instead of this it was twenty days or more and then the check came in from appellant. The appellee had, he states, refused to do the work for Sherman and knowing that ordering work done upon same, he was, it seems acting as an agent of appellant, and upon that idea appellee did the work. He says on page 15: "He told me it was Mr. Miller's boat and I relied upon the fact that the boat was good for it. I had made investigation that Dan Sherman's credit would not be good for it and I could not extend that much credit to him and I accepted the work and did the work on the strength of the fact that I knew the boat belonged to Mr. Miller, a responsible man and was under the impression that the work done on the boat and the repair done on it would be a lien on the boat, and that was the reason I went ahead with it."

Now under this state of facts, does or would Miller have to know about this contract before he would be bound by the same? Sherman was his agent certainly to the extent that he let him have the boat, and use it and when it came to repairs Fisher was unwilling to repair the boat on Sherman's credit. Sherman said it was Miller's boat and came to appellee to repair same. If this is not agency what can be?

Appellant in sending the check for one hundred and twenty-five dollars to appellee did not state that he was sending the check for Sherman; he did not mention Sherman at all, but sent the check "for payment for work done on engine; not for work done for Sherman, not for work done for Sherman on his (appellant's) boat, or engine, but work done on engine."

The case of *Baker* v. *Byrne,* 2 Smeed & Marshall, page 193, says: "A subsequent recognition of an act done by an agent or by one who assumes to act as such, is usually binding on the principal, if made with a full knowledge of the act done, as a previous authority." Now the act speaks for itself in this case. Further the case says that, "Whether the principal possessed such knowledge, or not, must be determined by the jury and they may properly draw their conclusion from his act and declaration subesquent to the performance of the act."

As stated by counsel for appellant it is difficult to cite authorities under the facts in this case. But we submit that the judgment below should be sustained and we further submit that the trial in the lower court was in every respect a correct pronouncement of the law in so far as the law announced by the instructions was concerned and that the case having been submitted to the jury under the proper instructions and the jury having said whom they believe in the testimony, there should be no reversal of the case upon any consideration.

Holden J., delivered the opinion of the court.

The appellee, Chas. A. Fisher, sued appellant, T. J. Miller, and obtained judgment for the sum of seventy-nine dollars alleged to be due for services performed by Fisher in repairing a motor boat belonging to Miller. Appellant Miller denied liability on the ground that he made no contract for the repairs, and that at the time the contract was made and the work done the boat was in the possession of a third party, Dan Sherman, who was using the boat for his individual benefit, having full use and control of it, and was to keep it in repair at his own expense; and that the contract for repairs made by Sherman with appellee, Fisher, was not authorized nor ratified by appellant, but that Sherman made the contract in his own behalf and expressly obligated himself to pay for the repairs. The contention of appellee, Fisher, appears to be that when the contract for repairs was made Dan Sherman was acting as agent of appellant, or that appellant became liable for the debt by ratification.

It appears from the testimony in this case that the appellee, Fisher, who was plaintiff in the lower court, had no contract, either express or implied, with appellant Miller for the repair of the boat. Appellee, Fisher, testified that Sherman contracted with him to repair the boat, and that Sherman was to pay for it, but that he did not look to Sherman for payment as he was under the impression that the boat or its owner would be liable for the debt due for the repairs. He does not claim that Sherman represented to him that he was acting as agent for appellant, Miller, owner of the boat, in having the repair work done. On the other hand, Sherman testified that he (Sherman) made the contract for repairs on his own account and that he was liable to appellee Fisher for the amount contracted for the repair work. It seems that the appellee, Fisher, was laboring under an erroneous impression as to the law, in that, as he testified:

"He (Sherman) told me it was Mr. Miller's boat, and I relied on the fact that the boat was good for it; and that was the reason I went ahead with it."

Evidently Mr. Fisher thought that he could hold the boat or the owner of it for the amount due for the repairs without first having some sort of contract or agreement with the owner or his agent, either express or implied, which he did not have in this case according to the undisputed testimony in the record. This was a simple suit for a debt, and was not an action to enforce a mechanic's lien against the boat under the statute. Sherman testified that he was operating the boat for himself and that he was not acting as agent or employee of Miller, and that he did not represent to Fisher that he was in any way an agent of Miller, but notified Fisher at the beginning that he was contracting for himself, and he would pay for the repairs to be made on the boat. And upon this contract between appellee Fisher and Sherman, Fisher proceeded to make the repairs. This testimony of Sherman's is undisputed.

It further appears from the testimony in the record that, after the repairs were made upon the boat and it was tried out and accepted by Sherman, the appellant, Miller, mailed to appellee, Fisher, a check for one hundred and twenty-five dollars, and said in the letter:

"Inclosed please find check for one hundred and twenty-five dollars for payment for work done on engine. Hoping that same will reach you promptly, I beg to remain,

    "Yours truly,      T. J. MILLER."

It is shown without contradiction that this check was sent at the request of Dan Sherman and was an amount advanced by Miller to Sherman by agreement to pay for the repairs on the boat. Dan Sherman had already paid twenty-five dollars to appellee, Fisher, as part payment on the work shortly after the contract was made between Sherman and Fisher. Sherman also claims that Fisher

is due nothing now, as the one hundred and fifty dollars paid is all that was due under the contract. But this is not material to the case before us now.

From the undisputed testimony in this record it seems clear to us that the appellee, Fisher, has no cause of action against the appellant, Miller. Miller did not enter into any express contract or agreement with Fisher to repair the boat, nor did he impliedly agree to pay for such repairs. There is no testimony whatever in the record showing that Sherman was acting as the agent of Miller in having the repairs done; but, on the contrary, it appears conclusively that Sherman was not acting as the agent of Miller, and he so informed appellee, Fisher, at the time the contract was entered into between them. Sherman himself had paid twenty-five dollars to Fisher on the contract and had obligated himself to pay the balance when the work was finished. The fact that appellant Miller paid to appellee, Fisher, one hundred and twenty-five dollars for work done on the boat can in no sense be construed as a ratification, or an assumption or implied agreement to pay the balance claimed in this suit. It is undisputed that this one hundred and twenty-five dollar payment made by Miller was an advancement in behalf of Sherman, and was paid by Miller at the instance and request of Sherman. In view of these undisputed facts in the record, we are bound to hold that there is no liability on the part of appellant, Miller, for the balance due for repairs on the boat. Before the owner of personal property can be held liable in debt for repairs done upon it, there must be some contract existing between the owner and the person making the repairs, which contract, of course, may arise by agreement either express or implied, or by some act or agency of the parties creating an obligation between the parties concerning the matter involved; but no contract appears to have been made in this case. The judgment of the lower court is reversed, and judgment entered here for appellant.

*Reversed and judgment here.*