REDD AND HILL d.b.a. REDD & HILL SAND & GRAVEL CO. *v.* L & A CONTRACTING CO.

No. 42627          March 25, 1963          151 So. 2d 205

*Pierce & Waller,* Jackson, for appellant.

*Dudley W. Conner,* Hattiesburg, for appellee.

RODGERS, J.

This is a suit brought by a subcontractor of a sub-contractor against a primary contractor for labor done and materials furnished by plaintiff.

Appellants filed a declaration in two counts. The first count of the declaration alleged that the defendant entered into a construction contract with E. O. Spencer and others to build a bridge and roadway, and furnish all labor and material used in the project. It further alleged that L & A Contracting Company entered into a subcontract with one Perry Vance, d. b. a. Perry Vance Construction Company, to perform part of the initial contract work, namely, the making of a dirt fill, abutment and approaches to a bridge. Thereafter, Perry Vance employed appellants to make the aforementioned abutments and approaches. The declaration further charges that appellants proceeded to build the abutments and approaches with a knowledge and under the super-vision of the primary contractor, L & A Contracting Company, a corporation. It is alleged that appellee knew that appellants were performing the work for Perry Vance, and that it agreed to see that appellants

were paid for their work. The alleged agreement is based upon two letters, copies of which are attached to the declaration. It is alleged that the primary contractor paid Perry Vance for the work done but that he did not pay appellants and was later adjudicated a bankrupt. The first letter from L & A Contracting Company, dated September 1, 1959, advised appellants that the primary contractor had not been paid and that no payment had been made to P. N. Vance and stated: ''At such time as we received payment from the owner on this job, we will process your claim against Mr. Vance.'' The second letter to appellants from appellee advised them that appellee had paid the subcontractor, Vance, and that he had promised to pay appellants.

The second count to appellants' declaration reiterated the allegation that appellants did the work set out in the first count and furnished the labor and materials incident thereto. Appellants then charged that L & A Contracting Company supervised said work and accepted the benefits of same, and ''that by reason of the Defendant having accepted the benefit of Plaintiffs work it became and is liable to Plaintiffs in the sum of $2,175.00.''

Appellee filed a demurrer to the declaration alleging that the declaration failed to state a cause of action; that the declaration shows that there was no privity of contract between R. P. Redd and R. A. Hill and L & A Contracting Company; that the declaration sought to recover from L & A Contracting Company upon an alleged written guaranty and that the attached letters to the declaration ''fails to take said demand out of the statute of frauds''; and that the alleged promise and agreement between appellants and appellee violated the statute of frauds, particularly Sec. 264, Miss. Code 1942, Rec.

The trial court sustained the demurrer upon the ground that (a) a stop notice, or written notice to stop pay-

ment, did not apply to the facts in this case, citing the case of Dickson v. U. S. F. & G. Company, 150 Miss. 864, 117 So. 245; (b) and that the letter from appellee stating, "at such time as we receive payment from the owners on the job, we will then process your claim against Mr. Vance," was not a promise to pay for the debt or default of subcontractor Vance.

Appellants refused to plead further and the trial court dismissed the suit. Appellants appealed to this Court and allege that the action of the trial court in sustaining the demurrer was reversible error, because the second count of the declaration sufficiently alleges a cause of action of quantum meruit.

## I.

Appellants admit *concedere argumentum* that the writing (letters) attached to the declaration are not sufficient to bind appellee, but it is said "that Count II of the declaration states a good and sufficient cause of action upon the theorem of quantum meruit."

This Court has heretofore held that the contract bond of a principal contractor to the owner was not liable under Sec. 2276, Code 1930, or Sec. 374, Code 1942, to a remote materialman or remote subcontractor for the material sold to the subcontractor and used in the construction of a private building. The Alabama Marble Company v. U. S. F. & G. Co., et al., 146 Miss. 414, 111 So. 573. See also U. S. F. & G. Company v. Maryland Casualty Co., et al., 191 Miss. 103, 199 So. 278. It has also been pointed out by this Court that the funds due the contractor are released "untrammeled" from trust in favor of materialmen and labor when the contractor furnishes such a bond. Dickson v. U. S. F. & G. Co., supra.

(Hn 1) We are of the opinion, and so hold, that the trial judge was correct in holding that when the subcontractor failed to pay the sub-subcontractor, Sec. 372,

Code 1942, does not bind the primary contractor so as to require the primary contractor to hold the funds belonging to a subcontractor until the remote sub-sub-contractor has been paid.

(Hn 2) It is also apparent that the letters attached to the declaration are not sufficient as a guaranty to lift the alleged promise to stand for the debt or default of the subcontractor out of the statute of frauds, and are not sufficient to establish a written promise to pay the sub-subcontractor. (Sec. 264, Miss. Code 1942). See Craft v. Lott, 87 Miss. 590, 40 So. 426; Corinth, Shiloh & Savannah Turnpike Company v. Gooch, 113 Miss. 50, 73 So. 869. The demurrer to the first count of the declaration was therefore properly sustained by the trial court.

## II.

Appellants contend that the demurrer to the second count of the declaration should have been overruled because defendant (appellee here) knowingly accepted the work and materials furnished by appellants for and on behalf of the primary contractor and that said work was done for appellee, that it accepted the benefits therefrom and since there was no contract between the parties, appellants are entitled to recover from appellee in assumpsit under the common law on the "theorem of quantum meruit."

(Hn 3) Quantum meruit means literally "as much as he deserves", 73 C. J. S. 1269. It is said of quantum meruit by way of example, in Bouvier's Law Dictionary, 2d Ed., p. 800, that "When a person employs another to do work for him, without any agreement as to his compensation, the law implies a promise from the employer to the workman that he will pay him for his services as much as he may deserve or merit." See also 58 Am. Jur., Sec. 4, Work and Labor, p. 512.

It is argued by appellants that when services are rendered under circumstances from which no reasonable person could assume that they were rendered as a gratuity, the law implies a promise to pay reasonable compensation therefor. The following authorities are cited in support of this statement: G. & S. I. R. R. Company v. Magee Warehouse Co., 109 Miss. 9, 67 So. 648; 58 Am. Jur. 514, Work and Labor, Sec. 6, p. 514. The latter authority points out, however, that such services must be "rendered with knowledge and approval of the recipient, who either expresses no dissent or avails himself of the service rendered", or under "such circumstances as authorize the party performing to entertain a reasonable expectation of payment for them by the party benefited. However, the law will not imply a promise to pay the value of services rendered and accepted, where there is proof of a special agreement to pay therefor a particular amount or in a particular manner * * *". See also 98 C. J. S., Work and Labor, Sec. 6 (b), p. 722.

(Hn 4) There was no express contract between the primary contractor (appellee here) and the (appellants) sub-subcontractors to work on the abutments and approaches to the bridge. Appellee had no reason to believe appellants were doing any work for it. On the other hand, appellee had sufficient reason to believe the work was being done for the subcontractor, P. N. Vance, since appellants contracted with Vance and under this contract they were required to do the work for which they here sued the appellee. Appellants did not have any reason to believe appellee owed appellants at the time the work was being done. Appellants' contract was with Vance and not with appellee, and there is no implied contract on the part of appellee to pay for the work due appellants by P. N. Vance.

In the case of Carter, et al. v. Collins, 151 Miss. 1, 117 So. 336, this Court pointed out that a plaintiff could

not sue on a special contract to roof the house at a certain price and at the same time sue in another count in the declaration on the theory of quantum meruit for the labor and material, and said "Where there is a contract, parties may not abandon same and resort to quantum meruit." It is true, the foregoing contract was between plaintiff and defendant, but we are of the opinion that it is also true that a sub-subcontractor cannot sue on quantum meruit against a primary contractor for work done under an express contract with another person.

In the case of Martin O. Walker v. James Brown and James Hollingsworth, 28 Ill. 378, the Supreme Court of that state said:

"As in physics, two solid bodies cannot occupy the same space at the same time, so in law and common sense, there cannot be an express and an implied contract for the same thing, existing at the same time. This is an axiomatic truth. It is only where parties do not expressly agree, that the law interposes and raises a promise.

"The error in this whole proceeding arises upon the assumption, that the plaintiff in error might become liable, under the implication of law, that he should pay the reasonable worth of services, beneficial to him, bestowed upon his property, with his knowledge and acquiescence, notwithstanding such services were rendered under an express agreement with another person.

"An express contract, executory in its provisions, must totally exclude any such implication. One party agreed, in consideration of the other to pay, to render the service; the other, in consideration of a promise to render the service, agrees to pay. One is the consideration and motive for the other, and each equally excludes any other consideration, motive, or promise."

In the case of Zalk-Josephs Company, d.b.a. Triange Steel & Supply Company v. Wells Cargo, Inc. (Nev.

1961), 366 P. 2d 339, the Supreme Court of Nevada held that a materialman who supplied a subcontractor could not maintain common count against prime contractor based on materials and services rendered subcontractor who had been paid therefor by prime contractor but who defaulted, where there had been no dealings between prime contractor and materialman and prime contractor had not been unjustly enriched.

In the case of Mid-State Tile Company v. Chaudoir, (La. App. 1955), 77 So. 2d 552, the Louisiana Court of Appeals decided a case involving facts similar to the facts in the instant case, and the Court held that where services were rendered under a subcontract in behalf of a subcontractor, the plaintiff could not recover from the contractor on the theory of quantum meruit. This case was reversed by the Supreme Court of Louisiana on other grounds, 228 La. 634, 83 So. 2d 654, but rehearing was finally denied. This case is cited in 98 C. J. S., Sec. 27, Work and Labor, p. 757.

In the case of Woodward Iron Company v. Dabney, 205 Ala. 615, 88 So. 873, the Alabama Supreme Court said that where valuable services are rendered by one person for another and knowingly accepted, the law implies an obligation to pay for such services what they are reasonably worth. The Court then said ''These are correct statements of law, having no application to cases where a third person has expressly contracted to do the work in question and 'the defendant was not informed that plaintiff was working directly for defendant and looking to him for compensation'. In the absence of such knowledge or conditions, it cannot be said that a defendant knowingly accepted work done for him, and for which he must make a reasonable compensation. These are applicable if the defendant is informed that he is looked to for payment and under such condition and knowledge receives the benefit.'' Citing Alabama West. R. R. Company v. Bush, 182 Ala. 113, 62 So. 89.

The following cases are to the same effect: B. H. Grube v. Nick's No. 2, a corporation, et al., 278 S. W. 2d 252; Dodge's Market, Inc. v. Turner, 67 A. 2d 526; Harrigan & Reid Company v. Hudson, 289 N. W. 222, 291 Mich. 478; Dorsey, et al. v. Strand, 150 P. 2d 702, 21 Wash. 2d 217; Callahan v. Railroad Fed. Sav. & Loan Association, et al., 36 N. Y. Supp. 2d 550; Burgess v. G. R. Grooms, et ux, 81 A. 2d 338 (Municipal Court of Appeals for the Dist. of Columbia 1951); Cannaway v. Ludstrom, 204 S. W. 2d 999 (Tex. 1947); Kolb v. Howard Corporation, 219 S. W. D. 2d 856 (Mo. 1949).

(Hn 5) As a general rule, in order to recover for work and labor on the theory of an implied contract, it is ordinarily deemed essential to show that the services were rendered under the reasonable expectation that they would be paid for by the person sought to be charged, and the person sought to be charged knew that the services were being performed with the expectation that he would pay for such work. 71 C. J., Work and Labor, Sec. 6, p. 41; 98 C. J. S., Work & Labor, Sec. 8, p. 724. This Court has adopted this rule in the following cases: Miller v. Fisher, 116 Miss. 350, 77 So. 151; Gulf & S. I. R. R. Company v. Magee Warehouse Co., supra; Morehead Motor Company v. H. D. Walker Auto Company, 133 Miss. 63, 97 So. 486.

From the foregoing, we have reached the conclusion that the trial judge was correct in sustaining the demurrer to the declaration, and the judgment of the trial court should be sustained.

Affirmed.

*Lee, P. J., and Kyle, Gillespie and McElroy, JJ.,* concur.