GAMMILL Co. *et al. v.* GUESNARD.

(Division B. Oct. 16, 1933. Suggestion of Error Overruled, Nov. 13, 1933.)

[150 So. 214. No. 30713.]

**Butler & Snow**, of Jackson, for appellant.

870

Robt. B. Ricketts and Baron C. Ricketts, both of Jackson, for appellees.

Argued orally by **George Butler,** for appellant, and by **R. B. Ricketts,** for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellee, as assignee of the Southern Tile Company, Inc., brought this action in the circuit court of Hinds county against the ,Gammill Company, W. J. McGee &

Son, and the Southern Builders' Material Company, Inc., to recover the sum of two thousand eight hundred thirty-six dollars and sixteen cents, and to establish and enforce a lien for that amount on the Robert E. Lee Hotel in the city of Jackson. There was a trial, resulting in a judgment in favor of appellee in the sum of one thousand five hundred dollars against appellants, the Gammill Company, and W. J. McGee & Son, from which judgment they prosecute this appeal.

There was no controversy as to the material facts. They were substantially as follows: On April 17, 1930, the appellants W. J. McGee & Son entered into a written contract with appellant Gammill Company, wherein W. J. McGee & Son obligated themselves to furnish all labor and materials and to construct the superstructure, the elevators, and inclosures required for the completion of the Robert E. Lee Hotel building according to plans and specifications made a part of the contract, and entered into a bond in the sum of four hundred ninety-seven thousand seven hundred seventeen dollars and sixty-six cents, for the faithful performance of the contract, with the Hartford Accident & Indemnity Company as surety. The contract provided, among other things, for the payment of all persons furnishing labor and materials during its performance.

On May 12, 1930, W. J. McGee & Son entered into a subcontract with the Southern Builders' Material Company, Inc., to furnish all labor and materials necessary to lay, set and install all marble, tile, terrazo, and vitrolite called for by the plans and specifications, for which they agreed to pay the material company the sum of forty-three thousand eight hundred eighty-five dollars. The Southern Builders' Material Company, Inc., agreed to be bound by all the terms and provisions of the original contract between the Gammill Company and W. J. McGee & Son. It was provided further that nothing in the contract was to create any obligation on the part of

the Gammill Company to see to the payment of any sums due under any subcontracts.

On May 23, 1930, the Southern Builders' Material Company, Inc., entered into a subcontract with the Southern Tile Company, Inc., by the terms of which the latter, in consideration of the sum of nine thousand dollars to be paid, agreed to furnish all labor and materials, and to do the tile and terrazo work called for in its subcontract with W. J. McGee & Son. The contract likewise provided that all the terms and provisions of the general contract should be made applicable to this subcontract. The tile company entered into bond, payable to the material company, with the United States Fidelity & Guaranty Company as surety. The bond was in the sum of nine thousand dollars, conditioned for the faithful performance of the contract and to make prompt payment to all persons furnishing labor and materials under its provisions. At the time this bond was given, the tile company executed and delivered to the U. S. Fidelity & Guaranty Company an agreement obligating itself to indemnify the latter against loss on account of having executed its performance bond. The tile company defaulted in its contract, and the work it had undertaken was completed by the material company, and the U. S. Fidelity & Guaranty Company was notified of the claims for labor and materials furnished the tile company, aggregating approximately three thousand eight hundred dollars.

On the 22nd day of October, 1930, the building was completed, and thereafter the Gammill Company made final settlement with W. J. McGee & Son in accordance with the contract, and W. J. McGee & Son made final settlement with the material company in accordance with their contract, and the material company paid over the balance earned under the tile company's contract to the U. S. Fidelity & Guaranty Company, surety on its bond, less one thousand eight hundred fifty-one dollars,

which it deducted for administration and supervision in completing the work.

On the 26th day of November, 1930, the tile company served notice on the Gammill Company and W. J. McGee & Son that it had a materialman and mechanic's lien against them and the material company for tile work and terrazo and labor furnished on the Robert E. Lee Hotel, describing the hotel in the notice; that the amount of the claim was five thousand five hundred fourteen dollars and ninety-six cents, for which the tile company claimed a materialman and mechanic's lien as provided by law. This stop notice was duly acknowledged by the Southern Builders' Company, Inc., and was entered on the lis pendens docket in the office of the chancery clerk of Hinds county. At the time the notice was served the Gammill Company was indebted to W. J. McGee & Son in approximately twenty thousand dollars, and W. J. McGee & Son were indebted to the material company in the sum of two thousand two hundred forty-two dollars and seventy cents. These amounts were subsequently paid. The suit was dismissed as to the material company, leaving only appellants as defendants. The court adjudged that there was due the Southern Tile Company, Inc., the sum of one thousand five hundred dollars, and rendered judgment accordingly.

The question is whether a subcontractor of a subcontractor under section 2274, Code of 1930, can give an effective stop notice. We think it is settled by the decisions of this court that he cannot. Alabama Marble Co. v. U. S. F. & G. Co., 146 Miss. 414, 111 So. 573, 574; Dickson v. U. S. F. & G. Co., 150 Miss. 864, 117 So. 245; Hartford Accident & Indemnity Co. v. Natchez Investment Co., 155 Miss. 31, 119 So. 366; Hartford Accident & Indemnity Co. v. Natchez Investment Co., 161 Miss. 198, 132 So. 535, 135 So. 497; Davis Co. v. D'Lo Guaranty Bank (Miss.), 133 So. 219; Id., 162 Miss. 829, 138 So. 802.

In the Alabama Marble Company case the court held

that the statutory bond was intended to take the place of the lien furnished by the statute, and was further intended to guarantee payment "only to the contractor or materialman who deals directly with the principal contractor," and that it did not extend "to any subcontractor or materialman beyond the first subcontractor or materialman who deals with, and furnishes materials directly to, the principal contractor." In the Dickson case it was held that the giving of the bond conditioned as required by the statute had the effect of releasing the funds due the contractor from any claim of the laborers and materialmen. In the Natchez Investment Company case (161 Miss. 198, 132 So. 535, 135 So. 497), the court held that, where a bond was given, the statutory provisions were written therein by law, and no stipulation in the bond to the contrary would be permitted to have effect.

The great weight of authority elsewhere is that such statutes, unless they expressly so provide, do not extend to remote subcontractors and materialmen. Phillips on Mechanics' Liens (1 Ed.), sections 40, 45, and 49. In Rockel on Mechanics' Liens, section 58, the author uses this language: "Unless the statute specifically so declares a subcontractor of a subcontractor is not entitled to a lien, the courts not favoring such a construction. A statute providing that 'all persons furnishing things or doing work shall be considered subcontractors;' a person so furnishing under contract with the subcontractor, is included. Many of the statutes give the right to a lien to an employee of a principal contractor, but do not extend such right to an employee of a subcontractor, unless the owner consents thereto, or the statute specifically so provides. Before it will be held that the statute gives such a lien it must be so plain as not to admit of a doubt. In some instances, however, the lien has been allowed for materials that were purchased on the personal credit of the purchaser, but this construction is not generally followed. Materialmen furnishing ma-

terial to a principal contractor are generally entitled to a lien, such right resting upon the statute. Sometimes, however, it is said to rest upon the fact that the materials were furnished. Where the statute provides that it shall include 'a person doing or performing work,' it will not include a person furnishing lumber. The earlier laws did not give the right to a lien to persons who furnish material to contractors. Persons furnishing materials to a materialman are considered as a subcontractor of a subcontractor and will not be entitled to the lien unless the statutes specifically so provide.''

The fact that, when the stop notice was given by the tile company, the Gammill Company was indebted to W. J. McGee & Son, and the latter to the material company, added nothing to the rights of the tile company.

Reversed, and judgment here for appellants.