NICHOLAS, d.b.a. NICHOLAS ACOUSTICS & SPECIALTY
COMPANY *v.* DEPOSIT GUARANTY BANK & TRUST COMPANY

No. 42845          January 4, 1964          159 So. 2d 187

*Wells, Thomas & Wells, Roland D. Marble, Robert G.
Gillespie, Jr.,* Jackson, for appellant.

*Henley, Jones & Henley,* Jackson, for appellee.

KYLE, J.

This case is before us on appeal by Donald E. Nicholas d/b/a Nicholas Acoustics & Specialty Company,

plaintiff in the court below, from a judgment of the Circuit Court of the First Judicial District of Hinds County, sustaining a demurrer filed by Deposit Guaranty Bank & Trust Company, defendant, to the plaintiff's declaration, in an action for money had and received by the defendant for the account of the plaintiff. The plaintiff declined to amend his declaration, and the court entered a judgment dismissing his suit with prejudice.

The plaintiff alleged in his declaration that, on September 15, 1961, Stokes Interiors, Inc., entered into a written contract with Howie Construction Company to perform certain construction work in connection with the erection of a building for Allstate Insurance Company; that Charles W. Crisler, Jr., et al., was the owner; Howie Construction Company, the prime contractor; and Stokes Interiors, Inc., a subcontractor, a copy of the contract between Howie Construction Company and Stokes Interiors, Inc., being attached as Exhibit "A" to the plaintiff's declaration and made a part thereof; that Stokes Interiors, Inc., the subcontractor, did not enter into a solvent bond guaranteeing the faithful performance of the contract, conditioned as provided in Code Section 374, Miss. Code of 1942, Rec.; that plaintiff furnished certain materials to Stokes Interiors, Inc., at its specific request and order, which were installed, used and consumed in the building referred to, and that, on February 21, 1962, plaintiff mailed to Stokes Interiors, Inc., an invoice, which described the above mentioned materials, and also a statement of account showing that Stokes Interiors, Inc., owed to plaintiff the sum of $10,603.92, a copy of said invoice being attached as Exhibit "B" to the plaintiff's declaration; that, as was the custom in the building trade, plaintiff expected payment to be made on the invoice mentioned on or about the tenth day of the next month, and until that date passed, plaintiff had no reason to assert a materialman's lien on the property, as provided for in Ch. 5, Title 3, Miss. Code of 1942.

The plaintiff further alleged that, on February 23, 1962, Stokes Interiors, Inc., submitted its monthly "earned estimate" to Howie for the sum of $16,598.85, which included the $10,603.92 for materials furnished by the plaintiff and shown on the above mentioned invoice, for which payment had not been received; that, on March 7, 1962, Stokes assigned its "earned estimate to the defendant Deposit Guaranty Bank & Trust Company in violation of Section 373, Mississippi Code of 1942, Rec., and to the detriment and prejudice of the plaintiff — a copy of said "earned estimate" and the assignment thereof to the Deposit Guaranty Bank & Trust Company being attached as Exhibit "C" to the plaintiff's declaration; that, on March 9, 1962, Howie Construction Company paid to Stokes and the Deposit Guaranty Bank & Trust Company said sum of $16,598.85, which was the amount owing to Stokes on his "earned estimate" dated February 25, 1962, the check for said amount being payable to Stokes Interiors, Inc., and the Deposit Guaranty Bank & Trust Company, assignees of said estimate, as shown by copy of said check attached as Exhibit "D" to the plaintiff's declaration; that, as of that date, plaintiff had no reason to believe that he would not be paid for the materials supplied to Stokes, and the plaintiff had taken no action to establish a lien as provided by law to secure the payment of the amount owed by Stokes to the plaintiff.

The plaintiff further alleged that, on March 12, 1962, after having received all monies due it under the subcontract, Stokes Interiors, Inc., defaulted on its contract with Howie Construction Company and subsequently petitioned the United States District Court to be declared a bankrupt, and was so adjudicated; that, as a result of the wrongful assignment by Stokes to the defendant Deposit Guaranty Bank & Trust Company of the monies due to Stokes from Howie Construction Company under the contract, Stokes was unable to pay

the plaintiff for the materials mentioned above; and plaintiff, at the time of the filing of the declaration in this cause, had not received any payment whatsoever for the materials supplied by plaintiff to Stokes, and plaintiff would not thereafter receive any monies from Stokes as a payment on said account because of the above mentioned bankruptcy action.

The plaintiff further alleged that the assignment of the "earned estimate" by Stokes Interiors, Inc., to the defendant Deposit Guaranty Bank & Trust Company was, by virtue of Section 373, Mississippi Code of 1942, subordinated to the claim of the plaintiff against Stokes Interiors, Inc., for the purchase price of the materials furnished by the plaintiff which were used and consumed by Stokes in the construction of the building referred to above; wherefore, a cause of action had accrued to the plaintiff against the defendant for money had and received.

The plaintiff therefore sued and demanded judgment against the defendant, Deposit Guaranty Bank & Trust Company, for the sum of $10,603.92 for money had and received by the defendant for the account of the plaintiff, plus interest on said sum from the date of payment to defendant, March 9, 1962, until paid, together with all costs of court.

The defendant demurred to the plaintiff's declaration on grounds as follows:

(1)   That the declaration did not state a cause of action against the defendant; and

(2)   That the declaration showed on its face that the plaintiff made no effort to protect his rights or to assert his remedies until after he had lost his right to do so by reason of the contractor, Howie Construction Company, having paid the subcontractor, Stokes Interiors, Inc., and that the plaintiff's only claim was that of an unsecured creditor for an open account against Stokes Interiors, Inc.

The trial judge, after hearing arguments, sustained the demurrer; and in a memorandum opinion, which was made a part of the record, stated his reasons therefor, as follows:

"Stokes is a remote materialman and is without the purview of the statute relative to materialman's lien. The payment to the bank is tantamount to a payment to him. Therefore, no liability could arise from the payment to the bank than could arise from the payment to Stokes.

"The contention that the suit can be brought on a common law action for money had and received is without merit. A suit could not have its inception in a statutory lien and its culmination in the common law action for money had and received. The judgment must be for the defendant."

Only one point has been assigned and argued by the appellant's attorneys as ground for reversal of the judgment of the lower court, and that is, that the trial judge erred in sustaining the defendant's demurrer to the plaintiff's declaration.

The code sections involved in this appeal are Sections 372 and 373, Miss. Code of 1942, Rec.

As stated by the appellant's attorneys in their brief, the appellant's declaration sets forth two theories as a basis for recovery against the appellee towit: (1) That the appellant did not resort to the protection of the lien law (Code Section 372, supra), because he had no reason to believe that he would not be paid until the due date of the invoice had passed; and (2) that the appellee bank knew, or should have known, that Section 373, Miss. Code of 1942, Rec., prohibited the assignment of the proceeds of the contract to the detriment or prejudice of a materialman, and that by disregarding this statute, the appellee received the sum of $10,603.92 which rightfully belonged to the appellant.

But we think neither of the theories stated above can be invoked as a basis for recovery by the appellant in this case.

The declaration appears to have been based in part on Code Section 373, supra, which provides that "No contractor or master workman, except as hereinafter provided, shall have the right to assign, transfer, or otherwise dispose of in any way, the contract or the proceeds thereof, to the detriment or prejudice of the subcontractors, journeymen, laborers, and materialmen," and in part on the theory that the appellee bank received the $10,603.92 shown on the invoice of materials furnished by the appellant to Stokes, when it knew that it was not entitled thereto and converted it to its own use.

But Code Section 373 forbidding the assignment of the contract or the proceeds thereof appears to be limited to assignments by the contractor or master workmen. Stokes was a subcontractor. But whether the assignment was valid or invalid no notice was given by the appellant of any claim against the funds prior to the actual payment of the money by Stokes to the bank.

The appellant at no time availed himself of the provisions of Code Section 372, supra, in an attempt to establish a materialman's lien against the funds in the hands of the owner or the prime contractor. It is not necessary that we consider at this time the question whether or not the appellant, who occupied the position of a subcontractor furnishing material to a subcontractor, could have established a lien on the money owed by the prime contractor to the subcontractor by giving notice to the owner or prime contractor, as provided in Code Section 372, supra, for the reason that no notice was given to the owner or the prime contractor prior to the payment of the earned estimate of $16,598.88 by Howie to Stokes and by Stokes to the appellee bank on March 9, 1962.

In discussing the nature of the lien under Code Section 372, supra, this Court in Chancellor v. Melvin, 211 Miss. 590, 52 So. 2d 360, said: "The lien under Sec. 372 is purely a creature of statute and did not exist at common law. In its absence materialmen and laborers would be only general creditors of the contractor. 57 C.J.S., Mechanics' Lien, Section 1. Although the statute should be construed liberally to effectuate its purposes, laborers and materialmen have no lien on the money owed by the owner to the contractor until they give the statutory stop notice to the owner."

It is clear that the appellant had no lien on the money owed by the owner to the contractor or by the contractor to Stokes at the time of the payment of the $16,598.88 by Howie to Stokes and by Stokes to the appellant bank; and the fact that the appellant did not resort to the protection of the lien statute, Code Sec. 372, supra, because he had no reason to believe that he would not be paid until the due date of the invoice had passed has no bearing on the issue presented for our decision on this appeal. We also think that no trust was created as to the money paid by Howie to Stokes and by Stokes to the bank. The fact that Stokes paid the bank with money that he received from Howie cannot, in our opinion, give the appellant a claim against the bank for a portion of the money. The bank had no quasi contractual relationship with the appellant and there was no unjust enrichment of the bank at the appellant's expense when the bank received payment of the money as a payment on the indebtedness Stokes owed the bank.

The judgment of the lower court is therefore affirmed.

Affirmed.

*McGehee, C. J., and Ethridge, Rodgers and Jones, JJ.,* concur.