ENRO MARITIME ENTERPRISES, INC., Plaintiff,

v.

S.T. RICHARD C. SAUER, her engines, tackle, boilers, etc. and Marine Transport Lines, Inc., Defendants.

No. 69 Civ. 4403.

United States District Court, S. D. New York.

Dec. 4, 1970.

Burlingham, Underwood, Wright, White & Lord, New York City, for plaintiff; Gerard Harrington, Jr., New York City, of counsel.

Cadwalader, Wickersham & Taft, New York City, for defendants; John A. Sul-

livan and Fred R. Profeta, Jr., New York City, of counsel.

MANSFIELD, District Judge.

In this suit for $24,030 allegedly due under a contract between the parties, plaintiff has moved for summary judgment. For the reasons stated below the motion is denied.

On July 21, 1967, plaintiff entered into a contract with defendant whereby plaintiff agreed beginning on July 22, 1967, to discharge wheat from defendant's ship at Karachi, Pakistan, supplying eight machines called "vacuvators" to be used for the purpose. The contract contained the following provision:

"3. The rate of ONE DOLLAR TWENTYFIVE CENTS ($1.25) U. S. Cy., per long ton discharged by our principal's equipment, to be paid in New York, in full for the guaranteed minimum of 10,000 long tons, upon telegraphic advice that the equipment was delivered alongside the VESSEL. Payment for tonnage discharged in excess of 10,000 long tons and payment for detention charges, if any, to be made in New York after the completion of discharge and presentation of supporting documents. Detention charges to equipment and personnel, due to any cause whatsoever, from the time the equipment is delivered alongside the vessel until redelivered alongside the vessel, shall be charged at the rate of $10.00 per machine hour. However, normal time required for the rigging and unrigging of shore discharge lines; extending of suction and discharge pipes; maintenance and repair of equipment, shall not be considered as detention time. Detention time, if any, shall be certified daily by a representative of the vessel and our representative."

Although the wheat was eventually discharged, a monsoon disrupted the discharge operations, with the result that plaintiff claimed not only the price of $1.25 per long ton discharged, but also that 2,403 machine-hours were lost, according to a certificate of the Master and Chief Officer of defendant's ship, entitling plaintiff to an additional $24,030.

Defendant paid the charge of $1.25 a ton, but refuses to pay the additional $24,030 on several grounds. First it contends that the alleged idle or detention time was never certified on a daily basis as required by the contract and that the certificate relied upon by plaintiff was not forwarded to defendant with the result that defendant did not learn of its existence until after the Chinese Master of the ship left defendant's employ. Standing alone this contention, even if accepted as true, might not bar summary judgment. However, defendant also points to errors in the certificate, such as the inclusion of rigging time that was expressly excludable by the terms of the contract and of time arising out of delays allegedly caused by plaintiff.

The most important objection urged by defendant is that the provision for detention charges amounted to a liquidated damages clause which plaintiff cannot invoke because the proof would show that the plaintiff did not in fact suffer any damage because of the delay. Defendant proposes to show that because of the monsoon conditions, which shut down the port entirely for the period of the delay, plaintiff could not have used the machines on any other work and therefore suffered no damages.

There is authority for the proposition that an agreement to pay a daily fixed rate, sometimes called demurrage, for delay beyond a certain period fixed for the charter of a ship or the completion of a contract, amounts to a provision for liquidated damages for improper detention in breach of the agreement between the parties. See Carver's Carriage of Goods by Sea (10th ed. by Raul P. Colinvaux), ch. 19, p. 827 "Damages for Detention"; Bailey v. Manufacturers Lumber Co., 224 F. 806, 809 (S.D.N.Y. 1915) (per Learned Hand, D. J.); The Colombia, 197 F. 661 (S.D.Ala.1912); cf. Priebe & Sons v. United States, 322 U.S. 407, 68 S.Ct. 123, 92 L.Ed. 32

**790**

(1947) ; Massman Construction Co. v. City Council of Greenville, Miss., 147 F. 2d 925 (5th Cir. 1945). On the other hand, the parties may intend such a provision as an additional rental or price for use of the property chartered or rented, which is to be paid without regard to whether there has been any breach of contract by the user of the equipment or any damages or loss of profits suffered by the owner as a result of the delay. See Carver's Carriage of Goods by Sea, *supra*, p. 901, n. 15.

On the record before us we cannot, merely from the language of the agreement itself, determine as a matter of law whether the provision for detention charges was intended merely as additional rental for the use of the vacuvators as claimed by plaintiff, or as liquidated damages compensating plaintiff for any loss it might suffer as claimed by defendant. In support of plaintiff's position, there is the provision for "detention charges" in the paragraph dealing with payment for the service to be rendered and the charges were to be paid for detention "due to any cause whatsoever," indicating that fault, breach of contract, or loss of profits was irrelevant. Usually demurrage or liquidated damages are payable for breach of contract. On the other hand, defendant argues that the amount claimed is grossly disproportionate to the value of the idle time or the profits that might be earned from normal use of the equipment and that the charge was therefore intended as a penalty.

A genuine issue thus appears to be presented as to the intended meaning and effect of the detention clause, which may require the introduction of circumstantial evidence, and possibly even parol evidence, to enable the court to construe the agreement properly. Taking this into account, plus the fact that there are other genuine issues as to material facts, e. g., the accuracy of the "detention calculation" relied upon by plaintiff, summary judgment cannot be granted. It is a pity that the contract here did not contain an arbitration clause, since the dispute appears to fit squarely within the category of maritime issues usually decided by arbitrators having some expertise in the field.

The motion is denied.

It is so ordered.