589 So.2d 1245 (1991)
ASSOCIATED DEALERS Supply, Inc. and Bankers Trust of Louisiana
v.
MISSISSIPPI ROOFING Supply, Inc., Frierson Building Supply Company, Addison Corporation, Intervest Corporation & Red Apple Inn, Ltd.
No. 07-CA-59458.
Supreme Court of Mississippi.
August 14, 1991.
As Modified on Denial of Rehearing October 9, 1991.
David W. Mockbee, Julie Sneed Muller, Phelps & Dunbar, Joseph E. Lotterhos, R. *1246 Keith Foreman, Bennett Lotterhos, Sulser & Wilson, Jackson, for appellants.
Steve Younger, E. Stephen Williams, Young Scanlon & Sessums, Jackson, for appellees.
Before ROY NOBLE LEE, C.J., and SULLIVAN and PITTMAN, JJ.
SULLIVAN, Justice, for the Court:
This cause comes on appeal from the Chancery Court of the First Judicial District of Hinds County, Mississippi. Intervest Corporation (Intervest) and Red Apple Inn, Ltd. (Red Apple) initiated an interpleader action in the chancery court naming as defendants A.R.H. Sales, Inc., Frierson, Mississippi Roofing, Addison Corporation (Addison), Solar Hardware Company (Solar), and Swanson Metal Products (Swanson).
Associated Dealers Supply, Inc. (Associated Dealers) and Bankers Trust of Louisiana (Bankers Trust) intervened in the action claiming that Intervest was the prime contractor and A.R.H. was a materialman or subcontractor. Therefore, the suppliers were mere general creditors, and they, being assignment creditors with prior claims, had priority to the interpled funds.[1]
The chancellor found that Intervest was a co-owner of the Red Apple Inn and A.R.H. was a prime contractor. Based on this finding, the chancellor concluded that Frierson, Addison, and Mississippi Roofing were materialmen to the contractor and awarded them a pro rata share of the interpled funds pursuant to Miss. Code Ann. § 85-7-181 (Supp. 1987).[2] The chancellor also found that the assignments from A.R.H. to Associated Dealers and Bankers Trust, to the extent that the assignments would dispose of the contract proceeds between A.R.H. and Intervest, were invalid pursuant to Miss. Code Ann. § 85-7-183 (1972). Associated Dealers and Bankers Trust appeal. We reverse and render in part and remand in part.

THE FACTS
Steve Nail is an equal shareholder and Vice President of Intervest, a Mississippi corporation incorporated on January 21, 1987. Nail, also, is a general partner of Red Apple, a Mississippi limited partnership established in 1986. Nail, acting through Red Apple, obtained a $1,250,000.00 loan for the construction of an apartment complex named the Red Apple Inn. After obtaining the loan under the name Red Apple, Nail began acting through Intervest to make draws on the Red Apple loan. From April, 1987, through October, 1987, Intervest applied for and received draws from the bank, deposited the Red Apple loan money in its Intervest account, and used the money to pay for the expenses associated with the construction of the Red Apple Inn.
An Intervest employee, Len McCollum, was the superintendent of the construction of the Red Apple Inn, but Intervest did not provide any actual labor associated with the construction. Intervest hired electricians, plumbers, framers, painters, roofers, and others to perform the actual work. A.R.H. was one of the companies hired by McCollum to provide some of the materials and labor.
On July 21, 1987, Red Apple received a materialman's stop notice from Frierson alleging that A.R.H. had not paid Frierson $52,688.56 for materials it provided to A.R.H., the subcontractor, which were used in the construction of the Red Apple Inn. On September 24, 1987, Red Apple received another materialman's stop notice from Mississippi Roofing alleging that A.R.H., the subcontractor, had not paid Mississippi Roofing $8,080.67 for materials it supplied to A.R.H., the subcontractor, which were used in the construction of the Red Apple Inn.
*1247 Upon receiving the stop notices, Intervest made no further payments to A.R.H. Frierson and Mississippi Roofing agreed to release the lis pendens if Red Apple and Intervest would interplead $40,349.40 which Red Apple and Intervest owed to A.R.H. Red Apple and Intervest agreed, and on October 20, 1987, Intervest requested a final draw on its loan and deposited it with the Chancery Clerk of Hinds County.

THE LAW

DID THE CHANCELLOR ERR IN FINDING THAT THE SUPPLIERS TO A.R.H. WERE ENTITLED TO A LIEN PURSUANT TO MISS. CODE ANN. § 85-7-181 BECAUSE A.R.H. SALES, INC., AND NOT INTERVEST CORPORATION, WAS THE PRIME CONTRACTOR?
Frierson, Mississippi Roofing, and Addison (the suppliers) contend that they are entitled to the interpled funds pursuant to Miss. Code Ann. § 85-7-181 (Supp. 1990), because they are materialmen to A.R.H., the contractor. The relevant code section reads in pertinent part:
When any contractor or master workman shall not pay any person who may have furnished materials used in the erection, construction ... of any house, building, [or] structure ... the amount due by him [the contractor] to any subcontractor therein ..., any such person, subcontractor, ... may give notice in writing to the owner ...; and thereupon the amount that may be due upon the date of the service of such notice by such owner to the contractor or master workman, shall be bound in the hands of such owner for the payment in full, or if insufficient then pro rata... .
Miss. Code Ann. § 85-7-181 (Supp. 1990).
To recover under § 85-7-181, Frierson, Mississippi Roofing, and Addison must be subcontractors or materialmen to the prime contractor. Subcontractors or materialmen to another subcontractor are not entitled to recovery under this statutory provision. Jesco, Inc. v. Jeffreys Steel Co., Inc., 571 F. Supp. 801, 803 (N.D.Miss. 1983) [citing Redd v. L & A Contracting Co., 246 Miss. 548, 151 So.2d 205, 207 (1963); Gammill Co. v. Guesnard, 167 Miss. 868, 150 So. 214, 215 (1933); Alabama Marble Co. v. USF & G Co., 146 Miss. 414, 111 So. 573, 574 (1927)]; Monroe Bank & Trust Co. v. Allen, 286 F. Supp. 201, 207 (N.D.Miss. 1968). In the absence of this statute's protection, the suppliers are general creditors. Kimberly-Clark Corp. v. Alpha Bldg. Co., 591 F. Supp. 198, 205-06 (N.D.Miss. 1984); Nicholas v. Deposit Guaranty Bank & Trust Co., 248 Miss. 580, 587, 159 So.2d 187, 190 (1964); see also, Coatings Mfrs., Inc. v. D.P.I., Inc., 926 F.2d 474, 478 (5th Cir.1991). The dispositive issue in determining priority to the interpled funds is whether Intervest was the prime contractor in the construction of the Red Apple Inn.
The chancellor concluded that Intervest was a co-owner and A.R.H. was a prime contractor of the Red Apple Inn. The chancellor based these conclusions upon his findings that (1) Nail did not distinguish between Nail Properties, Intervest, and Red Apple, insofar as being the owners of the Red Apple Inn project, (2) Intervest was not in existence at the time the contract was made between Nail Properties and A.R.H., (3) Intervest could not have acted as contractor because it had not obtained a certificate of responsibility, and (4) Intervest could not have attempted, and did not attempt, to defeat the claims of the materialmen and suppliers. We do not disturb a chancellor's decision so long as substantial evidence supports it and the chancellor did not commit manifest error or apply an erroneous legal standard. Southern v. Glenn, 568 So.2d 281, 287 (Miss. 1990).
Upon concluding that Intervest was a co-owner, the chancellor relied in part on this conclusion in finding that Intervest was not the prime contractor. We find that the fact that Intervest was a co-owner has no bearing on whether it was the contractor. Black's Law Dictionary defines "general contractor" or "prime contractor" as "[t]he party to a building contract who is charged with the total construction and who enters into sub-contracts for such work as electrical, plumbing and the like." *1248 Black's Law Dictionary, 349 & 621 (5th ed. 1983). An owner is not excluded from this definition.
While an owner is excluded from the definition of "contractor" for the purpose of obtaining a certificate of responsibility, the reason for this exclusion is that the certificate of responsibility serves to protect owners from "incompetent, inexperienced, unlawful and fraudulent acts of contractors," by making null and void any contracts for construction for which a certificate of responsibility should have been issued. See Miss. Code Ann. §§ 31-3-1, -2 & -15 (1972), as Amended. Owners need no protection from themselves, so a certificate would serve no purpose.
The chancellor, additionally, relied on his findings that Intervest was not in existence when A.R.H. contracted to provide labor and supplies, Intervest had not obtained a certificate of responsibility prior to the construction of the Red Apple Inn, and Intervest did not attempt, and could not have attempted, to defeat the claims of the materialmen. These factors relied on by the chancellor were irrelevant to the issue of whether Intervest was the contractor of the Red Apple Inn. We look to what the chancellor should have considered  Intervest's activities.
The chancellor should have looked at Intervest's activities isolated from its ownership. If Intervest's activities were such that if it was not the owner, it would have been found to be the contractor, then the chancellor should have found that it was the contractor regardless of the fact that it was a co-owner. To disallow owners from being contractors, when in fact they are, would serve to inequitably subordinate claims of other parties to those subcontractors or materialmen who were in reality supplying a subcontractor, and not a contractor.
In the instant case, Intervest purchased a construction trailer, job phone, and office supplies to aid its employee, Len McCollum, who was the superintendent of the project. McCollum was responsible for pricing the project, putting it together, and hiring other contractors or workmen to complete the plumbing, electrical work, framing, painting, roofing, and other work.
We find that McCollum, acting for Intervest, was charged with the total construction of the project. While the actual construction was subcontracted out, the work was completed under McCollum's supervision. If Intervest or Red Apple had paid another entity to provide the services Intervest provided in the construction of the project, the other entity clearly would have been the contractor and A.R.H. a subcontractor.[3] Based on the actions of Intervest, we conclude that Intervest was the general contractor.[4]
Finding that Intervest is the contractor, we hold that A.R.H. is a subcontractor, and therefore, Frierson, Mississippi Roofing, and Addison, being materialmen to a subcontractor are not entitled to the statutory protection of Miss. Code Ann. § 85-7-181 (Supp. 1990). Not receiving the protection of this statute, these suppliers are general creditors whose claims are subordinate to the claims of the assignment creditors, Associated Dealers and Bankers Trust. See International Harvester v. Peoples Bank & Trust Co., 402 So.2d 856, 861 (Miss. 1981) (generally an assignee under a valid assignment takes priority over subsequent creditors of the assignor who had no lien on the subject matter of the assignment at the time it was made).
The chancellor erred in concluding that Frierson, Mississippi Roofing, and Addison were entitled to a pro rata distribution of the interpled funds, and we reverse and render on this issue. We remand this action to the chancellor to determine the priority *1249 of the claims of Associated Dealers and Bankers Trust.
REVERSED AND RENDERED IN PART; REMANDED IN PART.
ROY NOBLE LEE, C.J., HAWKINS, P.J., PRATHER, ROBERTSON, PITTMAN and McRAE, JJ., concur.
DAN M. LEE, P.J., dissents.
BANKS, J., not participating.
DAN M. LEE, Presiding Justice, dissenting:
Because I find the majority's application of the materialmen's lien statute contrary to both law and logic, I dissent.
The cornerstone for the majority's result and analysis of our materialmen's lien statute[1] is a Black's Law Dictionary definition of the term, "general contractor" or "prime contractor." Relying upon this generic definition, the majority concludes that Intervest was both owner and contractor since Intervest, through its employee/agent, Len McCollum, was a "party to a building contract who is [was] charged with the total construction" of the Red Apple project. As the majority notes, "[a]n owner is not excluded from this definition."
The majority recognizes that by statutory definition, one cannot be both owner and contractor for the purpose of obtaining a certificate of responsibility.[2] Since owners need no financial protection from themselves, the majority finds that the statutory definition is inapplicable to the facts at bar. Be that as it may, at issue before the Court is the materialmen's lien statute with its main purpose of protecting subcontractors and suppliers who do not get paid, not owners who could fall prey to unscrupulous contractors. Therefore, the fact that a certificate of responsibility affords no protection to an owner who also serves as contractor has no relevance to the question which we consider today.
Section 85-7-181 addresses nonpayment by a "contractor" or "master workman." See Miss. Code Ann. § 85-7-181 (Supp. 1990). Clearly, the statute anticipates a contract for construction between an owner and contractor as a requisite to suppliers and subcontractors availing the remedies[3] which the statute provides. Without the existence of a contract for construction, the full purpose and intent of § 85-7-181 is gutted and rendered for naught, which is precisely what the majority does today.
The majority result stretches to take on the peculiar posture of having Intervest contracting with itself for the construction of the Red Apple Inn with A.R.H. as a subcontractor to Intervest. This leaves Frierson, Addison and Mississippi Roofing as suppliers to a subcontractor, A.R.H., and thus, too remote for the statutory protection of § 85-7-181.
Such an application of the lien statute defies common sense and settled law. Intervest had no contract of construction with itself to build the Red Apple Inn apartments, and it obviously did not pay itself for its efforts on the project. At best, Intervest, through its employee Len McCollum, acted as agent for its co-owner of the apartments, Red Apple Inn, Ltd. As this Court has held, an entity which acts as agent for an owner intending no profit from the construction itself is not a contractor or master workman for the purposes of § 85-7-181. Graham v. Pugh, 417 So.2d 536, 540 (Miss. 1982). Yet, despite our holding in Graham, the majority *1250 pronounces that Intervest was both owner and "prime contractor" for § 85-7-181 purposes.
As the chancellor found, Intervest did have a contract with A.R.H. Sales, Inc. In addition to supplying some of the labor on the Red Apple project, the agreement between Intervest and A.R.H. contemplated that the latter would be responsible for acquiring the bulk of the construction materials used in the project. The record reflects that A.R.H. was responsible for acquiring the lumber (plywood, hardwood, studs, etc.), sheetrock, roofing materials, doors, window aprons, kitchen accessories, bathroom fixtures and accessories, interior trim, drywall, awnings, floor joists, locks, casing, trusses and gables, vents and miscellaneous hardware, to name a few items. Indeed, A.R.H.'s involvement in the construction of the Red Apple Inn was substantial. A.R.H. was more than merely "one of the companies hired by McCollum to provide some of the materials and labor." The fact that an Intervest employee was on the job site to oversee the progress of the project does nothing to diminish A.R.H.'s role in the venture.
Without question, there is substantial evidence in the record supporting the chancellor's finding that A.R.H. was contractor for the Red Apple Inn. Our standard of review of such questions demands affirmance. See Bowers Window and Door Co., Inc. v. Dearman, 549 So.2d 1309, 1312-13 (Miss. 1989).
I would affirm the chancellor's finding that A.R.H. was contractor for the Red Apple Inn apartments. Frierson, Addison, and Mississippi Roofing as suppliers to the contractor are entitled to a pro rata of the interpled funds as guaranteed by Miss. Code Ann. § 85-7-181 (Supp. 1990). Consequently, claims by Associated Dealers and Bankers Trust as assignees of A.R.H. would be subordinated to the claims of Frierson, Addison and Mississippi Roofing by operation of Miss. Code Ann. § 87-7-183 (1972).
NOTES
[1] A.R.H. assigned its accounts receivable to Bankers Trust on November 12, 1986, and to Associated Dealers on December 31, 1986. Frierson filed a stop notice on July 21, 1987, and Mississippi Roofing on September 24, 1987. Addison obtained a judgment against A.R.H. on February 2, 1988.
[2] Solar and Swanson made no appearance in this cause.
[3] Since A.R.H. supplied some labor as well as supplies, we conclude that it was a subcontractor. Frazier v. O'Neal Steel, Inc., 223 So.2d 661, 664-65 (Miss. 1969); O'Neal Steel Co. v. Leon C. Miles, Inc., 187 So.2d 19, 24-25 (Miss. 1966).
[4] Although not relevant to the outcome of this case, we do take notice of the fact that Intervest eventually did apply for a certificate of responsibility contending that it had been in business as a general contractor for six (6) months and listed the Red Apple Inn as a project it completed in 1987.
[1] Miss. Code Ann. § 85-7-181 (Supp. 1990).
[2] `Contractor': Any person contracting or undertaking as prime contractor, subcontractor or sub-subcontractor of any tier to do any erection, building, construction, reconstruction, repair, maintenance or related work on any public or private project, however `contractor' shall not include any owner of the property to be constructed, altered, repaired or improved. ...

Miss. Code Ann. § 31-3-1 (Supp. 1990) (emphasis added).
[3] The remedy for nonpayment by a contractor or master workman to a supplier of materials or services includes written notice to the owner of the amount due such supplier or subcontractor. Thereupon, the amount due by the owner to the contractor or master workman, "shall be bound in the hands of such owner for the payment in full, or if insufficient then pro rata, of all sums due such person, subcontractor, journeyman or laborer who might lawfully have given notice in writing to the owner hereunder... ."

Miss. Code Ann. § 85-7-181 (Supp. 1990).