CARLTON, J.,
concurring in part and dissenting in part:
¶ 25. I respectfully concur in part and dissent in part from the majority’s opinion. I agree with the majority that the record reflects the circuit court erred in dismissing Thrasher Construction’s third-party-beneficiary claim. See Aladdin Constr. Inc. v. John Hancock Life Ins., 914 So.2d 169, 179-80 (1121) (Miss.2005). However, unlike the majority, I would affirm the jury’s verdict awarding Thrasher Construction $69,290 based upon the alternate theory of recovery of quantum meruit. See Ground Control LLC v. Capsco Indus. Inc., 120 So.3d 365, 371 (¶¶ 13-15) (Miss. 2013) (finding that, although the lack of certificates of responsibility rendered the parties’ contract void, this did not preclude the sub-subcontractor from asserting claims of unjust enrichment and quantum meruit, and stating that “[ujnjust enrichment applies to situations where there is no legal contract and the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another” (citation and internal quotation marks omitted)).[1]
¶ 26. The record reflects that Cope and Thrash, as owners of Sealnn, removed Stewart, the general contractor’s agent. Cope and Thrash’s activities, as well as their settlement agreement with Stewart, reflect that, upon their removal of Stewart, Cope and Thrash then became the agents of the general contractor, Madison Homes. See generally Associated Dealers Supply Inc. v. Miss. Roofing Supply Inc., 589 So.2d 1245, 1247-48 (Miss.1991) (discussing whether, based on the activities of an employee, the co-owner of a building project became the project’s general contractor).[2] The general contractor’s interests in the project and its right to performance of the subcontractors were conveyed to Cope and Thrash, the owners, upon their removal of Stewart as the general contractor’s agent and upon their assumption of the general contractor’s obligations, duties, and rights to performance. See generally Aladdin Constr., 914 So.2d at 175-79 (¶¶ 11-20) (finding genuine issues of material fact as to whether a company engaged by a mall owner, acted as the owner’s agent).
¶27. In accordance with the subcontract, Thrasher Construction submitted invoices for. payment of the work it performed. Instead of paying Thrasher Con *1055 struction the amount due for its completed performance, the owners (Cope and Thrash), acting as the general contractor’s agents, hired the son of one of the owners (Thrash) to complete the work. See id. (discussing whether an agency relationship existed between a mall owner and the company hired as its construction manager).[3]
¶ 28. After a review of the record and applicable caselaw, I would affirm the jury’s verdict awarding Thrasher Construction $69,290 based upon a quantum meruit theory of recovery. As a result, I concur in part and dissent in part from the majority’s opinion.
FAIR AND JAMES, JJ., JOIN THIS OPINION; WILSON AND GREENLEE, JJ., JOIN THIS OPINION IN PART.

. See also Williams v. Ellis, 176 So.3d 133, 138 (¶ 12) (Miss.Ct.App.2015) ("Quantum me-ruit recovery is a contract remedy which may he premised either on express or implied contract, and a prerequisite to establishing grounds for quantum meruit recovery is the claimant's reasonable expectation of compensation.” (quoting In re Wilhite, 121 So.3d 301, 305 (¶ 8) (Miss.Ct.App.2013))).

. See also Aladdin Constr., 914 So.2d at 175-76 (¶ 11) (citing Brogno v. W & J Assocs. Ltd., 698 A.2d 191, 194 (R.I.1997), for the propositions that a construction manager acts as a mere agent for the owner to perform most of the work and that the mere label of construction manager will not determine a party’s legal status); Summerall Elec. Co. v. Church of God at Southaven, 25 So.3d 1090, 1095-96 (¶¶ 19, 26-27) (Miss.Ct.App.2010) (discussing apparent authority and stating that the key to determining -whether someone is an agent or an independent contractor is whether the person acts on the principal’s behalf and is subject to the principal’s control).

. See generally Associated Dealers Supply, 589 So.2d at 1248 (finding that, to determine a co-owner’s status, the chancellor should have looked at the co-owner's activities isolated from its ownership, and if shown to be the activities of a contractor, then the chancellor should have determined the co-owner’s status to be that of a contractor); Bailey v. Worton, 752 So.2d 470, 472 (¶ 1) (Miss.Ct.App.1999) (finding that the general contractor was the owner’s implied agent because the owner delegated authority for the construction of a house to the general contractor).